17-666
He v. Whitaker

BIA
Loprest, IJ
A206 068 710

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand nineteen.

PRESENT:
>PIERRE N. LEVAL,
>JOSÉ A. CABRANES,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

QIU DI HE,
>*Petitioner,*

>v.                                         17-666
>                                           NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiu Di He, a native and citizen of the People's Republic of China, seeks review of a February 21, 2017, decision of the BIA affirming a July 13, 2016, decision of an Immigration Judge ("IJ") denying He's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Di He,* No. A206 068 710 (B.I.A. Feb. 21, 2017), *aff'g* No. A206 068 710 (Immig. Ct. N.Y. City July 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that He was not credible as to his claim that family planning officials detained and beat him for resisting the family planning policy.

The agency reasonably relied in part on He's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). Contrary to He's contention, the IJ provided specific examples to support the demeanor finding, noting that He could not provide a clear picture of the order of events surrounding his arrest and his wife's purported forced abortion and gave vague and unresponsive answers to questions about that time. That finding is supported by the record.

3

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that He's testimony was inconsistent regarding whether (1) he and his wife travelled together to Fuzhou where they were confronted by family planning officials, (2) they visited He's ailing father together, (3) family planning officials dragged him from his home, arrested him after struggling to enter his brother's home, or arrested him after spotting him standing outside his brother's home, and (4) his wife turned herself in to family planning officials to secure He's release from detention or was physically removed from his brother's home. When provided an opportunity to explain his inconsistent statements, He simply changed his story rather than provide a compelling explanation. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

</div>